IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Luann Heffelfinger et al,   Case No. 3:06-CV-2823

    Plaintiff

v.   ORDER

Kathleen J. Connolly et al,

    Defendant

This is a personal injury suit arising from an automobile accident on November 29, 2004. Jurisdiction is proper under 28 U.S.C. § 1331.

Pending is defendant's motion *in limine* [Doc. 40] for a ruling that O.R.C. § 2315.18 and O.R.C. § 2315.21, Ohio's statutory caps on non-economic and punitive damages, respectively, apply in this case.

**Background**

On November 29, 2004, defendant Kathleen J. Connolly struck plaintiff Luann Heffelfinger's vehicle while driving a dump truck. Plaintiffs allege that Connolly was acting as an agent of defendant Johnson Trucking at the time.

1

Luann Heffelfinger brought suit against Connolly, Johnson Trucking and its owner, Brandon Johnson, alleging violations of the Federal Motor Carrier Safety Regulations, negligence and other state law torts. Luann Heffelfinger suffered severe injuries, and she seeks damages, including damages for lost wages, medical expenses and pain and suffering. Plaintiff Eric Heffelfinger sued defendants for loss of consortium and related causes of action. Plaintiffs filed their complaint on November 26, 2006.

The Ohio General Assembly has enacted two provisions, O.R.C. § 2315.18 and O.R.C. § 2315.21, capping non-economic losses, such as pain and suffering, and punitive damages. O.R.C. § 2315.18(B)(2) states:

> Except as otherwise provided in division (B)(3) of this section, the amount of compensatory damages that represents damages for non-economic loss that is recoverable in a tort action under this section to recover damages for injury or less to person or property shall not exceed the greater of two hundred fifty thousand dollars or an amount that is equal to three times the economic loss, as determined by the trier of fact, of the plaintiff in that tort action to a maximum of three hundred fifty thousand dollars for each plaintiff in that tort action to a maximum of three hundred fifty thousand dollars for each plaintiff in that tort action or a maximum of five hundred thousand dollars for each occurrence that is the basis of that tort action.

O.R.C. § 2315.21(D)(2)(a) states:

> The court shall not enter judgment for punitive or exemplary damages in excess of two times the amount of the compensatory damages awarded to the plaintiff from the defendant, as determined pursuant to division (B)(2) or (3) of this section.

Both provisions became effective on April 7, 2005, after the accident but before the date plaintiffs filed the instant action.

**Discussion**

Defendants argue that Ohio's recently-enacted damages cap applies in the instant case for two reasons. First, defendants argue that the cap applies retroactively to causes of action that arose

2

before the statute's effective date. Second, defendants argue that regardless of when the plaintiffs' cause of action arose, the date the plaintiffs filed suit is the relevant date for determining whether the damages cap applies. Because plaintiffs filed suit after April 7, 2005, defendants argue the cap applies. For the following reasons, I find neither argument compelling and conclude that the cap does not apply to the plaintiff's claim.

### A. Whether the Ohio Damages Cap Statute Operates Retroactively.

I use a two-step analysis to determine retroactivity. *See Mastellone v. Lightening Rod Mutual Insurance Co.,* 175 Ohio App. 3d 23, 31 (2008); *Groch v. General Motors Corp.,* 117 Ohio St. 3d 192, 224 (2008).

First, a "court must determine . . . whether the statute is expressly made retroactive." *Mastellone,* 175 Ohio App. 3d at 31. Under Ohio law, "statutes are presumed to apply prospectively unless expressly declared to be retroactive." O.R.C. § 1.48; *see also Van Fossen v. Babcock & Wilcox Co.,* 36 Ohio St. 3d 100, 105 (1988).

Second, if the legislature expressly made the statute retroactive, a court must determine whether the statute is "substantive or remedial in nature." *Mastellone, supra,* 175 Ohio App. 3d at 31; *State v. La Salle,* 96 Ohio St. 3d, 178, 181 (2002). If the statute retroactively alters the parties' substantive rights it may violate Section 28, Article II of the Ohio Constitution. Statutes affecting only remedies, however, may apply retroactively. *Groch, supra,* 117 Ohio St. 3d at 224; *see also* Ohio Const. Section 28, Article II ("The general assembly shall have no power to pass retroactive laws . . . .").

Ohio courts have concluded that the General Assembly did not intend the instant statute to be retroactive. In *Mastellone, supra,* 175 Ohio App. 3d at 31, the court concluded that another

3

provision of the statute at issue in this case is not retroactive because it "contains no express statement about being retroactive." The court considered O.R.C. § 2315.21(B), which provides for a bifurcated trial on request in tort actions involving punitive and compensatory damages. *Id.* O.R.C. § 2315.21(B), at issue in that case, was part of Ohio's tort reform bill, S.B. 80, which became effective on April 7, 2005. *Id.* The court found that the Ohio General Assembly "gave no indication of retroactivity," except in limited cases, such as asbestos claims. *Id.* at 31, 31 n.2.

As in *Mastellone,* the statutory provisions at issue, O.R.C. § 2315.21(D) and O.R.C. § 2315.18(B) were part of S.B. 80. Neither provision contains express language indicating a retroactive effect. Therefore, the provisions in this case have no retroactive effect.

Defendants focus solely on the second step of the analysis – whether the provisions are remedial in nature, making retroactivity constitutionally permissible. Citing *Arbino v. Johnson & Johnson,* 116 Ohio St. 3d 468 (2007) and *Groch, supra*, 117 Ohio St. 3d at 224, the defendants argue that the damages caps are purely remedial and therefore could operate retroactively. As the court in *Mastellone* states, however, whether the statute *could* operate retroactively is not relevant if the legislature did not expressly make it retroactive. *Mastellone, supra,* 175 Ohio App. 3d at 31. The damages caps do not apply in this case if applying them requires a retroactive application.

### B. Whether Applying the Damages Cap in the Instant Case Requires a Retroactive Application.

Defendants further argue that it does not matter whether the statute operates retroactively because the relevant date for determining whether the cap applies is the plaintiff's filing date. Because claimants filed their claim in 2006 and the statute became effective in 2005, defendants argue, applying the cap in this case does not involve a retroactive application. This argument runs contrary to established principles of Ohio law.

Courts have held that the relevant date for determining whether the new O.R.C. § 2315.21 applies is the date the conduct giving rise to the plaintiff's cause of action occurred. In *Blair v. McDonagh,* 177 Ohio App. 3d 262, 282 (2008), the court considered a more complex scenario than the instant case – some of the defendant's unlawful conduct occurred before the new cap's effective date of April 7, 2005, and some of defendant's conduct occurred after that date. The court held that the new cap does not apply to "causes of action that arose before the statute's effective date even if some of the conduct giving rise to the cause of action occurred after the effective date." *Id.*

In the instant case, *none* of the defendant's conduct took place after the statute's effective date. Although in *Blair* the court considered only the punitive damages provision, the same logic applies to the non-economic damages provision. The damages cap, therefore, does not apply to the plaintiff's cause of action.

Ohio courts construing earlier damage cap statutes have similarly concluded that the date plaintiff's cause of action accrued, not the date that plaintiff filed suit, is the relevant date for determining whether a new damages regime applies. *See Uebelacker v. Cincom Systems Inc.,* 80 Ohio App. 3d 97, 102 (1992) (damage cap statute does not apply where the "cause of action arose prior to the effective date" of the statute); *Akron-Canton Waste Oil v. Safety-Kleen Oil Services,* 81 Ohio App. 3d 591, 607 (1992) (Where plaintiffs filed suit after the effective date of a damage cap statute, it does not apply unless "(1) the claims warranting the punitive damages arose, *or* (2) the conduct alleged occurred" before the statute's effective date.).

Defendant's request that I apply the new statute to plaintiff's claims arising from the November 29, 2004, accident therefore requires a retroactive application. Because the statute does not permit retroactive application, I cannot apply the cap to plaintiffs' claims.

## Conclusion

For the forgoing reasons, it is hereby:

ORDERED THAT Defendants' motion *in limine* [Doc. 40] be, and the same hereby is denied.

So ordered.

S/James G. Carr
James G. Carr
Chief Judge
